**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 99-4918

STEVEN D. GADE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Dennis W. Shedd, District Judge.
(CR-98-690-DWS)

Submitted: July 31, 2000

Decided: September 11, 2000

Before MURNAGHAN,* MOTZ, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Martin C. Puetz, Augusta, Georgia, for Appellant. J. Rene Josey,
United States Attorney, Eric Wm. Ruschky, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

*Judge Murnaghan was assigned to the panel in this case but died prior
to the time the decision was filed. The decision is filed by a quorum of
the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steven D. Gade pleaded guilty to possession of a firearm by a con-
victed felon in violation of 18 U.S.C. § 922(g) (1994). On appeal, he
challenges the court's imposition during sentencing of a total fine of
$78,354. Specifically, he maintains that the district court failed to
make sufficient findings of fact and did not consider the appropriate
factors enumerated in 18 U.S.C. § 3572 (1994) in calculating the fine
imposed. Second, he avers that the district court imposed a total fine
that exceeds the maximum fine range as provided under U.S.S.G.
§ 5E1.2(c)(3).

Because Gade failed to raise before the district court the two issues
now submitted on appeal, this Court reviews for plain error. See Fed.
R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32
(1993). Although we find no plain error in the court's adopting the
presentence report, we grant the parties' joint motion to vacate the
fine imposed as it exceeds the maximum fine range as provided under
U.S.S.G. § 5E1.2(c)(3), and remand to the district court for proceed-
ings consistent with this opinion.

VACATED AND REMANDED

2